LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ALEXI CASTELLANOS, on behalf of himself and
all other similarly situated persons,

                        Plaintiffs,                           **COMPLAINT**

    -against-

VERONA GROUP INC. d/b/a VERONA RISTORANTE
and GARY MULTANI, Individually,

                        Defendants.
-------------------------------------------------------------------------X

Plaintiff, ALEXI CASTELLANOS, by and through his counsel the Law Office of Peter A. Romero PLLC, on behalf of himself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action, on behalf of himself and other employees similarly situated, against Defendants to remedy violations of the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.      Plaintiff also brings this action against Defendants to remedy violations of the New York Labor Law ("NYLL").

## JURISDICTION AND VENUE

3.      Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331.

4. Jurisdiction of the Court over Plaintiff's NYLL claims is invoked under 28 U.S.C. §1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

6. Defendants do business within the Eastern District of New York and maintain a place of business at 1255 Melville Road, Farmingdale, New York 11735.

## PARTIES

7. The Defendant, VERONA GROUP INC. d/b/a VERONA RISTORANTE ("VERONA"), is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

8. The Defendant, GARY MULTANI ("Multani"), is an owner and/or officer of the corporate defendant, has authority to make payroll and personnel decisions for Verona, and is active in the day to day management of the restaurant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

9. At all relevant times, Plaintiff was a non-exempt, employee of the Defendants.

10. Defendant Verona has annual gross incomes in excess of $500,000.00.

11. At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. §203. At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. §203(D) and by the NYLL §190(3).

12. At all times relevant, Defendants have "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA. Defendants' restaurant requires a "wide variety" of materials that have moved through interstate

commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more. Plaintiff's duties included serving food and washing dishes. In performing his duties, Plaintiff handled or worked with goods, such as grains, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

## FACTUAL ALLEGATIONS

13. Plaintiff was a non-exempt employee of Defendants from in or about chen at the Mediterranean Snack Bar during the period April 2017 to December 2017.

14. Plaintiff worked some shifts in the kitchen as a dishwasher and other shifts in the front of the house as a busboy.

15. When Plaintiff worked a shift as a dishwasher, Defendants tracked and recorded the hours that he worked. Defendants determined Plaintiff's wages for the hours he worked as a dishwasher on an hourly basis and paid such wages by check.

16. When Plaintiff worked as a busboy, Defendants instructed him not to record the hours he worked. The number of hours that Plaintiff worked as a busboy varied from shift to shift, depending on how busy it was at the restaurant during any given shift. Plaintiff was not permitted to leave work for the day until the last customer left the restaurant. Accordingly, the time that Plaintiff finished work as a busboy varied with each shift. Defendants paid Plaintiff a fixed rate of $75.00 for each shift worked as a busboy, regardless of the actual number of hours worked by Plaintiff on a given day or in a given week.

17. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours in a workweek. Defendants failed to pay Plaintiff premium overtime compensation at the rate of one and one-half times Plaintiff's regular rate for all hours worked after 40 hours in a single workweek.

18. Throughout his employment with Defendants, Plaintiff often worked in excess of 10 hours in a single day.

19. Defendants failed to pay Plaintiff spread-of-hours pay for each day in which his spread of hours exceeded 10 hours.

20. Defendants failed to furnish Plaintiff with written notice of his pay rate and other information required by NYLL Section 195(1).

21. Defendants paid Plaintiff his wages in cash without providing an accurate statement of his wages each pay period as required by NYLL Section 195(3).

22. Defendants' failure to pay Plaintiff and the FLSA Collective at the required overtime rate was willful.

23. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §137–2.3.

## COLLECTIVE ACTION ALLEGATIONS

24. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.

25. Plaintiff and other FLSA Collective Action Plaintiff are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to properly pay them overtime pay for hours worked in excess of 40 hours each week.

26. Upon information and belief, there are other current and former employees who are similarly situated to the Plaintiff who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

27. Plaintiff seeks to proceed as a Collective Action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and the following similarly situated employees:

> All current and former non-exempt employees who worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

28. Other current and former employees of Defendants should have the opportunity to have their claims for violation of the FLSA heard. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT)**

29. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

30. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the statutory minimum wage in violation of the FLSA.

31. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

32. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

33. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW)

34. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

35. Defendants employed Plaintiff for workweeks longer than forty hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty hours per week at a rate of at least one and one-half times the statutory minimum wage in violation of the NYLL.

36. By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the NYLL Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

37. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT)

38. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

39. Defendants willfully failed to compensate the Plaintiff for all hours worked at a rate at least equal to or greater than the statutory minimum wage in violation of the FLSA.

40. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

41. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

42. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover minimum wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### FOURTH CLAIM FOR RELIEF
### (NEW YORK LABOR LAW)

43. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendants willfully failed to compensate the Plaintiff for all hours worked at a rate at least equal to or greater than the statutory minimum wage in violation of the NYLL.

45. By Defendants' failure to pay Plaintiff minimum wages, Defendants willfully violated the NYLL Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

46. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: SPREAD-OF-HOURS PAY

47. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendants failed to pay Plaintiff one additional hours' pay at the basic minimum wage rate for each day the spread of hours exceeded ten in violation of New York Labor Law 650 et seq. and 12 NYCRR §146.

49. Defendants' failure to pay spread-of-hours pay was willful.

50. As a result of Defendants' violations, Plaintiff is entitled to recover unpaid wages, liquidated damages, statutory interest and attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF
### WAGE THEFT PREVENTION ACT

51. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendants failed to provide Plaintiff with notice of his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Labor Law Section 195 of the Labor Law.

53. Defendants are liable to Plaintiff for damages pursuant to the Wage Theft Prevention Act.

### SEVENTH CLAIM FOR RELIEF
### WAGE THEFT PREVENTION ACT

54. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants failed to provide Plaintiff with an accurate statement of his wages each pay period as required by Labor Law Section 195 of the Labor Law.

56. Defendants are liable to Plaintiff for damages pursuant to the Wage Theft Prevention Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Certification of a collective action pursuant to 29 U.S.C. §216(b), unpaid minimum wages, overtime wages and an additional and equal amount as liquidated damages;

(ii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii) Unpaid minimum wages, overtime wages and spread-of-hours pay pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv) Reasonable attorneys' fees and costs incurred in prosecuting these claims; and

(vi) Such other relief as this Court deems just and proper.

Dated: Babylon, New York
January 24, 2017

LAW OFFICE OF PETER A. ROMERO PLLC

By: _____
Peter A. Romero, Esq.
103 Cooper Street
Babylon, NY 11702
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Verona Restaurant, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This document has been read to me in my native language of Spanish.

_____       28/12/2017
Alexi Castellanos                Date